# UNITED STATES DISTRICT COURT
## for the

_____Western_____ District of ___North Carolina___

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No: 3:21-cr-167-KDB-DCK-1 |
| Rodrick Lovette Tillman | ) |
| | ) USM No: 51882-509 |
| Date of Original Judgment: 07/12/2022 | ) |
| Date of Previous Amended Judgment: | ) Roderick Morris Wright, Jr. |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of   ☒ the defendant   ☐ the Director of the Bureau of Prisons   ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☐ DENIED.    ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____30_____ months **is reduced to** _____27 months on Count 1_____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated ___07/12/2022___ shall remain in effect.
**IT IS SO ORDERED**.

Signed: February 1, 2024

Kenneth D. Bell
United States District Judge

Effective Date:    February 12, 2024                          Kenneth D. Bell
                *(if different from order date)*              *Printed name and title*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT:  Rodrick Lovette Tillman

CASE NUMBER:  3:21-cr-167-KDB-DCK-1

DISTRICT:  Western District of North Carolina

## I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: 17                     Amended Total Offense Level: 17

Criminal History Category:  III                       Criminal History Category:  II

Previous Guideline Range:  30  to 37  months  Amended Guideline Range:  27  to 33  months

## II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☒ The reduced sentence is within the amended guideline range.

☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.

☐ The reduced sentence is above the amended guideline range.

## III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

Defendant had "status points" under U.S.S.G. §4A1.1 in Amendment 821.  Defendant had 3 criminal history points before the addition of the 2 status points. (Doc. No.42, ¶ 44). With the removal of the 2 status points, criminal history points of 3 equals a criminal history category II.  With an Offense Level of 17 and a criminal history category of II, the sentencing guideline range becomes 27 to 33 months. At sentencing, the Court imposed the lower end of the range and will do so with the amended range yielding a sentence of 27 months.  According to the U.S. Probation Office, Defendant has had no incident reports while in prison and is taking programming as well as work assignments.  There is no need for an appointment of counsel.